<hr/>

## DAVID R. REED

### v.

### RICHARD B. CAMPBELL et al.

A stipulation in a lease that " at the expiration of this lease the said Reed [the lessee] shall have the first right to lease the said premises for the next succeeding year or years," is too uncertain for the court to compel a specific performance of a renewal, or to enjoin the landlord and his grantee from recovering possession of the premises after the expiration of such lease.

On motion to dissolve injunction.

*Mr. W. H. Vredenburgh*, for the motion.

*Mr. R. T. Stout, contra.*

BIRD, V. C.

The complainant presented his bill, showing thereby that he had leased the premises named therein for one year, and " that in and by the terms of the said lease it is expressly stipulated and agreed by and between your orator and said Richard B. Campbell that at the expiration of the term of one year aforesaid your orator should have the privilege and right of renewing the same, before any other person whatsoever, for the next succeeding year or years," and also showing that, at the end of the year for which he held said lease, he had tendered himself ready and willing to comply in all things on his part, but that the said Campbell refused to renew the lease.

Note that the allegation is that the lease was to be "renewed." An injunction was allowed restraining the defendant Campbell, and his grantee, the other defendant, from prosecuting any suit

to recover the possession of the demised premises. There is a prayer for specific performance.

And now comes in the answer with a copy of the lease, and the language used therein is:

" And it is further agreed that at the expiration of this lease the said Reed shall have the first right to lease the said premises for the next succeeding year or years."

Certainly there is nothing in all this to sustain the allegation that there was an express agreement to renew the existing lease. What can the court do in such a case, supposing the injunction stands till final hearing ? How is it possible for the court to aid the complainant without the risk of doing the greatest injustice ? It was not agreed that the former lease should be continued— but only the first right to a lease. What shall be the terms of that lease ? Has this court the right to fix the amount of the rent, the times when the rent shall be due, the length of the term and the obligations of either party to the other respecting repairs, underletting, and other methods of use or enjoyment ?

I am obliged to say that the bill, when contrasted with the undisputed facts, is without the slightest merit. The injunction falls, and the bill will be dismissed, with costs. See *Waterman on Spec. Perf.* § *36 ; Taylor on L. & T.* § *333 ; Whitlock* v. *Duffield, Hoff. Ch. 110 [26 Wend. 55] ; Clinan* v. *Cooke, 1 Sch. & Lef. 22 ; Domestic Tel. Co.* v. *Metropolitan Tel. Co., 12 Stew. Eq. 160 ; S. C. on appeal, 13 Stew. Eq. 287.*